FILED 14 JAN '25 14:44 USDC-ORP

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JOYCE LEARD,<br><br>　　　　Defendant. | 3:25-cr-00013-IM<br><br>**INDICTMENT**<br><br>**Counts One through Nine**<br>**26 U.S.C. § 7202**<br>**(Willful Failure to Account For and Pay Over Tax)**<br><br>**Counts Ten through Twelve**<br>**26 U.S.C. § 7203**<br>**(Willful Failure to File Return)** |

**THE GRAND JURY CHARGES:**

At all times relevant to this Indictment:

Introductory Allegations

　　　　1.　　JOYCE LEARD ("LEARD"), defendant, was a resident of Boring, Oregon.

　　　　2.　　LEARD was the sole owner, officer, and operator of Mr. Tree, Inc. ("Mr. Tree"), a corporation with its principal place of business in Happy Valley, Oregon that provided tree removal and landscaping services to customers.

　　　　3.　　Mr. Tree employed approximately 50 to 75 employees each year between 2018 and 2020 and has advertised itself as being in business for thirty years.

4. LEARD was responsible for all financial matters at Mr. Tree. Among other things, LEARD controlled Mr. Tree's finances, directed which invoices to pay, had signature authority over all its bank accounts, signed checks, managed payroll, oversaw Mr. Tree's books and records, and caused Mr. Tree to issue annual IRS Forms W-2, Wage and Tax Statements, to Mr. Tree's employees, including herself.

5. From in at least 2017 and continuing through at least 2022, LEARD wrote and signed checks to Mr. Tree's employees, including herself, to pay them their wages.

6. From in or around 2018 through in or around 2022, LEARD used Mr. Tree's business account to purchase approximately $3.5 million of real property. All of the real property was titled in LEARD's name.

7. The Internal Revenue Service ("IRS") was an agency of the United States within the Department of the Treasury responsible for administering and enforcing the tax laws of the United States and collecting taxes owed to the United States.

## COUNTS ONE THROUGH NINE
### (Willful Failure to Account For and Pay Over Tax)
### (26 U.S.C. § 7202)

8. The Grand Jury realleges paragraphs one through seven as though fully set forth herein.

9. Employers were required to withhold, truthfully account for, and pay over to the IRS certain taxes from employee wages. These taxes were collectively referred to as "trust fund taxes" because employers were required to hold the withheld amounts in trust until paid over to the United States. Employers were required to remit these withheld trust fund taxes to the IRS on

a quarterly basis, no later than the last day of the month following the end of each quarter. These taxes included federal income tax withholding ("withholding taxes") and Federal Insurance Contribution Act taxes ("FICA taxes"), as more particularly described below:

    a.    Withholding taxes: In general, an employer was required to deduct and withhold federal income tax on the amount of wages that were actually or constructively paid to its employees, and pay over those withholding taxes to the IRS; and,

    b.    FICA taxes: The FICA tax was comprised of two elements: old-age, survivor, and disability insurance, commonly referred to as "Social Security," and health insurance, commonly referred to as "Medicare." An employer was required to deduct and withhold FICA taxes on the amount of wages that are actually or constructively paid to its employees and pay over those FICA taxes to the IRS.

    10.    In addition to the trust fund taxes that must be withheld from employees' pay, employers were separately required to make their own contributions under FICA for Social Security and Medicare in amounts matching the amounts withheld from their employees' pay. Such employer contributions were likewise required to be remitted to the IRS on a quarterly basis, no later than the last day of the month following the end of each quarter. Collectively, these five components required to be remitted quarterly were commonly referred to as "employment taxes," made up of the trust fund taxes withheld (individual income tax, Social Security, and Medicare), and the matching taxes contributed by the employer (Social Security and Medicare).

    11.    Employers were required to file, no later than the last day of the month following the end of each quarter, a Form 941, Employer's Quarterly Federal Tax Return ("Form 941")

with the IRS, setting forth for that quarter: 1) the total amount of wages, tips, and other compensation paid to employees, 2) the total amount of federal income tax withheld, 3) the total amount of Social Security and Medicare taxes withheld, and 4) the total tax deposits made.

12. A person was responsible for collecting, accounting for, and paying over trust fund taxes if he or she had the authority required to exercise significant control over the employer's financial affairs, regardless of whether the individual exercised such control in fact. More than one person may be considered a "responsible person" for the purpose of collecting, accounting for, and paying over employment taxes, including trust fund taxes and employers' matching taxes.

13. LEARD was a responsible person required to collect the trust fund taxes due on wages paid to Mr. Tree's employees, account for them by filing quarterly Forms 941, and pay them over to the IRS.

14. LEARD caused Mr. Tree to collect trust fund taxes from the gross wages of Mr. Tree's employees, for each of the calendar quarters identified in the table below.

15. On or about the dates listed below, for each of the listed calendar quarters, in the District of Oregon, LEARD did willfully fail to truthfully account for and pay over the trust fund taxes due and owing to the IRS on behalf of the employees of Mr. Tree in the approximate amounts listed below, each calendar quarter constituting a separate charge:

| Count | Calendar Quarter Ending | Due Date of Form 941 | Approximate Unpaid Trust Fund Taxes Due and Owing |
|---|---|---|---|
| 1 | December 31, 2018 | January 31, 2019 | $76,671 |
| 2 | March 31, 2019 | April 30, 2019 | $49,449 |
| 3 | June 30, 2019 | July 31, 2019 | $67,306 |

| | | | |
|---|---|---|---|
| 4 | September 30, 2019 | October 31, 2019 | $55,533 |
| 5 | December 31, 2019 | January 31, 2020 | $57,957 |
| 6 | March 31, 2020 | April 30, 2020 | $50,037 |
| 7 | June 30, 2020 | July 31, 2020 | $60,441 |
| 8 | September 30, 2020 | November 2, 2020 | $70,085 |
| 9 | December 31, 2020 | February 1, 2021 | $168,201 |

All in violation of Title 26, United States Code, Section 7202.

## COUNTS TEN THROUGH TWELVE
### (Willful Failure to File Return)
### (26. U.S.C. § 7203)

19.    The Grand Jury realleges paragraphs one through seven as though fully set forth herein.

20.    During the calendar years set forth below, in the District of Oregon, the defendant, JOYCE LEARD, had and received gross income in excess of the listed amounts. By reason of such gross income, she was required by law, following the close of each calendar year listed in the table below, and on or before the listed due dates, to make an income tax return to the IRS, stating specifically the items of her gross income and any deductions and credits to which she was entitled. Knowing and believing all of the foregoing, she did willfully fail, on or about the dates specified below, in the District of Oregon, to make an income tax return with each calendar year constituting a separate charge.

| Count | Calendar Year | Gross Income Filing Requirement | Tax Return Due Date |
|---|---|---|---|
| 10 | 2018 | $12,000 | April 15, 2019 |
| 11 | 2019 | $12,200 | July 15, 2020 |
| 12 | 2020 | $12,400 | May 17, 2021 |

All in violation of Title 26, United States Code, Section 7203.

**Indictment**                                                                                                              **Page 5**

Dated: January 14, 2025

A TRUE BILL.



FOREPERSON OF THE GRAND JURY

Presented by:

NATALIE K. WIGHT
United States Attorney

_____
J. PARKER GOCHENOUR, VAB #90069
Trial Attorney

_____
MEGAN E. WESSEL, MIB #P87353
Trial Attorney